UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Roberta Lindenbaum,** *individually and on behalf of all others similarly situated*, | ) ) ) | **CASE NO. 1:19 CV 2862** |
| **Plaintiff,** | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | ) ) | |
| **Realgy, LLC, et al.,** | ) ) | <u>**Order**</u> |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before Defendant Realgy, LLC,'s Motion to Stay Case (Doc. 11). For the reasons that follow, the motion is GRANTED. This matter is hereby STAYED until the Supreme Court rules in *Baar v. American Ass'n of Political Consultants*, No. 19-631 (U.S. Jan. 10, 2020) *Barr*. This case is removed from the active docket, subject to reopening by either party after the issuance of *Barr*.

**ANALYSIS**

Plaintiff filed this lawsuit on behalf of herself and other putative class members. She

1

asserts two claims for relief. Both claims allege violations of the Telephone Consumer Protection Act ("TCPA"). According to the complaint, defendant or its agent placed unsolicited robocalls to plaintiff's cellular and landline telephones.

Defendant moves to stay this matter pending the Supreme Court's ruling in *Baar*. At issue in *Baar* is the constitutionality of an exemption contained in Section 277(b)(1)(A)(iii) of the TCPA. That provision prohibits calls to cellular phones that use an automated dialing system. When it was enacted in 1991, the provision contained two exemptions. The first exemption is directed at emergency calls and the second excludes calls made with the prior consent of the recipient. In 2015, Congress enacted a third exemption. That exemption excepts "from the ban all calls to cell phones made solely to collect a debt owed to or guaranteed by the United States ("Government Exemption").[1]" *American Ass'n of Political Consultants v. Baar*, 923 F.3d 159, 162 (4th Cir. 2019).

In reversing the district court, the Fourth Circuit concluded that the Government Exemption is an unconstitutional ban on content-based speech. The court, however, severed the Government Exemption from the statute, thereby leaving the remainder of the automated call ban intact.

None of the exemptions, including the Government Exemption, are at issue in this case. Thus, the Supreme Court's ruling on the first issue, *i.e.*, the constitutionality of the Government Exemption, will have no bearing on this matter. Defendant argues, however, that there is a possibility that the Supreme Court will determine that severance is not proper and will, therefore,

---

[1] A similar ban exists with respect to landline calls. *See*, 47 U.S.C. 227(b)(1)(B).

strike down as unconstitutional the entirety of the automated call ban.  According to defendant, such a ruling would render this case moot.  Because it would be dispositive, defendant argues that a short stay should be imposed.  Defendant notes that the Supreme Court is expected to rule by the end of this term.  As such, the stay would be in place for no longer than 90 days.

In response, plaintiff argues that the only question affecting this case is whether the Supreme Court will reverse the Fourth Circuit's decision that severance is an appropriate remedy.  Plaintiff argues that the issue of severance will not even be addressed unless the Court first strikes down the ban.  Plaintiff further points out that the Supreme Court has long held that severance is proper unless it is evident that the Legislature would not have enacted the remainder of the provision.  Plaintiff notes that every case to address the issue of the severability holds that the Government Exemption is severable.  Thus, according to plaintiff, there is no real question surrounding the severability of the Government Exemption.  As such, a stay is not warranted.

In reply, defendant argues that the severance issue presented in *Baar* is different than the provisions at issue in the cases on which plaintiff relies.  According to defendant, those cases do not involve the First Amendment and, as such, the severance issue is somewhat unique.  Defendant further points out that the Supreme Court agreed to address the severance issue, even though no court has struck down the entire provision.  Defendant claims that this could signal that the Court may very well find severance to be inappropriate.  In addition, defendant notes that the vast majority of courts have granted stays in TCPA cases, pending the outcome of *Baar*.

Upon review, the Court GRANTS defendant's request for a stay.  There is no dispute that the Supreme Court's resolution of the severance issue may be dispositive of this case.   In addition, judicial economy will be saved as this case in its early stages.  Although the Court finds

that the public interest factor weighs neither in favor of nor against a stay, the Court notes that plaintiff will suffer little prejudice by a short stay.  Oral arguments are set for April and the Supreme Court is expected to rule by the end of June.

Since the parties completed briefing with respect to this motion, severe measures have been implemented by federal, state, and local governments to curb the spread of COVID-19.  In the event the Supreme Court does not hear this matter as scheduled, the Court nonetheless finds that a stay is proper.  Given the government restrictions, it is unlikely that significant discovery will proceed in the near future.  Therefore, the stay will be in place until the Supreme Court rules on *Barr*.

Although plaintiff argues that class members will be prejudiced, there are currently no class members.  Regardless, the Court notes that the parties asked for class discovery to proceed until the end of November.  Given the state of current affairs, the Court would likely entertain an extension of the dates in any event.  Therefore, a stay will not significantly impair plaintiff from pursuing her case and that of the potential class members.

**CONCLUSION**

For the foregoing reasons, Defendant Realgy, LLC,'s Motion to Stay Case is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 3/19/20