No.  20-4252

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERTA LINDENBAUM, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Sep 09, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Intervenor | ) | |
| v. | ) | O R D E R |
| | ) | |
| REALGY, LLC, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before:  GIBBONS, STRANCH, and BUSH, Circuit Judges.

After briefing and oral argument were completed, Realgy, LLC filed a motion for recusal of Judge Stranch pursuant to 28 U.S.C. § 455(a).  Realgy questions Judge Stranch's impartiality because she has family members who work at a law firm that has two active Telephone Consumer Protection Act robocall cases, including a case in the Sixth Circuit, and because the firm may have more cases involving that statute in the future.  Roberta Lindenbaum opposes the motion.

28 U.S.C. § 455(a) requires any judge to "disqualify [herself or] himself in any proceeding in which [her or] his impartiality might reasonably be questioned."  Impartiality is determined through the eyes of "a reasonable, objective person, knowing all of the circumstances."  *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 354 (6th Cir. 2007).  "The burden is on the moving party to justify disqualification."  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016).  Furthermore, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to

No. 20-4258

not sit where disqualified." *Scott*, 234 F. App'x at 354 (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)).

Realgy has not met its burden.  The facts Realgy alleges would not lead a reasonable, objective observer to question impartiality.  Judge Stranch's relatives have no connection to the case before us.  Furthermore, they are not listed as party or counsel to any pending cases to which Realgy points, nor are they listed on the law firm's website as attorneys actively soliciting robocall cases.  Realgy acknowledges, as a general matter, that it would be "inappropriate" for a judge to recuse where the judge's relatives work at a firm that does legal work in the same subject area as the suit before the judge.  *See* Mot. Seeking Recusal at 3 ("Appellee does not seek recusal here because a judge's distant relatives work at a firm that dabbles in the type of legal work at issue in an appeal—which would be inappropriate.").  But Realgy does not offer any sufficient reason not to apply that same general principle here.  Realgy also does not cite to any analogous cases requiring recusal under 28 U.S.C. § 455(a).  Realgy's position would seem to require that no judge would be allowed to hear a case involving an area of practice in which an attorney who is the judge's relative practices.  That is not required by 28 U.S.C. § 455(a).

Realgy attempts to analogize to 28 U.S.C. § 455(b)(4), by arguing that two of the relatives are partners at the law firm and therefore have a financial interest. But 28 U.S.C. § 455(b)(4) requires *direct* financial interest—not remote, indirect, contingent, or speculative interest.  *See Scott*, 234 F. App'x at 357 (citing *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000)).  As noted, none of the relatives are parties or counsel to a party in this case and none of the relatives will receive direct financial benefit from this court's ruling.  *See, e.g.*, *Hall v. City of Williamsburg*, 768 F. App'x 366, 372 (6th Cir. 2019) (affirming the denial of a motion for recusal based partially on the fact that "[n]either the district judge's sister nor nephew worked on [plaintiff's] case").

2

No. 20-4258

Because a reasonable, objective person would not question Judge Stranch's impartiality based on the facts alleged, we decline to address the timeliness of the motion.

The motion seeking recusal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

3