**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERTA LINDENBAUM, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-02862-PAG |
| Plaintiff, | Judge Patricia A. Gaughan |
| v. | |
| REALGY, LLC d/b/a REALGY ENERGY SERVICES, a Connecticut limited liability company, and JOHN DOE CORPORATION, | |
| Defendants. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Realgy, LLC ("Realgy"), hereby submits its Answer and Affirmative Defenses to Plaintiff Roberta Lindenbaum's First Amended Class Action Complaint ("Complaint") (D.E. 14), as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**[1]

Realgy admits that Plaintiff, in her unnumbered first paragraph, purports to bring this action on behalf of herself and all others similarly situated as alleged members of the classes described in paragraphs 64 and 65.  Except as expressly admitted herein, Realgy denies the remaining allegations of this paragraph.

---

[1] For the Court's convenience, Realgy has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings.  However, Realgy does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Realgy waive any right to object to those characterizations.

**PARTIES**

1.      Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.      Realgy admits that it is a limited liability company and that it is registered to do business in Ohio.  Except as expressly admitted herein, Realgy denies the remaining allegations of this paragraph.

3.      Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.      Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.      Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them

**JURISDICTION AND VENUE**

6.      The jurisdictional allegations in paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy denies the allegations in paragraph 6 and denies that this Court has subject matter jurisdiction over this action because Plaintiff lacks Article III standing, particularly given that *Barr v. American Association of Political Consultants, Inc.*, ---- S. Ct. ----, 2020 WL 3633780 (July 6, 2020), held that the automated call restriction combined with the government debt exception was unconstitutional pre-severance.

7.      The jurisdictional allegations in paragraph 7 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy denies the allegations in paragraph 7, including that it engaged in any tortious conduct, that it made the calls at issue in this lawsuit, and that this Court has personal jurisdiction over Realgy.

2

8.      The jurisdictional allegations in paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy denies the allegations in paragraph 8, including that it engaged in any tortious conduct and that venue is proper.

## COMMON ALLEGATIONS OF FACT

9.      Realgy admits the allegations in paragraph 9.

10.     Realgy denies the allegations in paragraph 10.

11.     Realgy denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Realgy admits that the allegations refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), *et seq.*, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 12.

13.     Realgy denies the allegations in paragraph 13.

14.     Realgy admits only that the allegations in paragraph 14 refer to a purported congressional finding, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 14.

15.     Realgy admits only that the allegations in paragraph 15 refer to a statement from Senator Larry Pressler, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required.  To the extent a response is required, Realgy admits that the allegations refer to Declaratory Ruling by the Federal Communications Commission ("FCC"), which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 16.

3

17.     Realgy denies the allegations in paragraph 17.

18.     Realgy admits only that the allegations in paragraph 18, including its subparts and footnotes, refer to purported and unverified online comments, which speak for themselves. Except as expressly admitted herein, Realgy denies the allegations in paragraph 18.

19.     Realgy admits only that the allegations in paragraph 19 refer to purported compliance companies and their services. Except as expressly admitted herein, Realgy denies the allegations in paragraph 19.

20.     Realgy denies the allegations in paragraph 20.

21.     Realgy denies the allegations in paragraph 21.

22.     Realgy admits only that the allegations in paragraph 22 refer to the lawsuits noted in footnote 9—one of the lawsuits was voluntarily dismissed before Realgy even filed a responsive pleading, and the other has nothing to do with pre-recorded messages like the kind Plaintiff alleges she received. Except as expressly admitted herein, Realgy denies the allegations in paragraph 22, and further denies that the lawsuits referenced in footnote 9 have any bearing on this matter or Plaintiff's claims.

23.     Realgy denies the allegations in paragraph 23.

24.     Realgy denies the allegations in paragraph 24.

25.     Realgy denies the allegations in paragraph 25.

26.     Realgy denies the allegations in paragraph 26.

**FACTS SPECIFIC TO PLAINTIFF ROBERTA LINDENBAUM**

27.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.     Realgy denies the allegations in paragraph 28.

29.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     Realgy is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.     Realgy denies the allegations in paragraph 39.

40.     Realgy denies the allegations in paragraph 40.

41.     Realgy admits that Plaintiff purports to bring this action on behalf of herself and all others similarly situated as alleged members of the class described in paragraphs 64 and 65 under

the TCPA, *et seq.*, which speaks for itself.  Except as expressly admitted herein, Realgy denies the remaining allegations of paragraph 41.

42.      Realgy admits that Plaintiff purports to bring this action on behalf of herself and all others similarly situated as alleged members of the class described in paragraphs 64 and 65.  Except as expressly admitted herein, Realgy denies the remaining allegations of paragraph 42, and further denies that Plaintiff is entitled to any relief whatsoever and that class certification is appropriate.

## REALGY ENERGY'S LIABILITY FOR TELEMARKETING CALLS

43.      The allegations in paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy admits only that it is a limited liability company and denies the remaining allegations of paragraph 43.

44.      The allegations in paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy admits that the allegations in paragraph 44 refer to the FCC's authority under the TCPA, which speaks for itself.  Except as expressly admitted herein, Realgy denies the remaining allegations of paragraph 44.

45.      Realgy admits only that the allegations in paragraph 45 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 45.

46.      Realgy admits only that the allegations in paragraph 46 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 46.

47.      Realgy admits only that the allegations in paragraph 47 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 47.

48.     Realgy admits only that the allegations in paragraph 48 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 48.

49.     The allegations in paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy admits that the allegations in paragraph 49 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the remaining allegations of paragraph 49.

50.     Realgy admits only that the allegations in paragraph 50 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 50.

51.     The allegations in paragraph 51 constitute legal conclusions to which no response is required.  To the extent a response is required, Realgy denies that it is responsible for ensuring TCPA compliance, to the extent Plaintiff's legal conclusions conflict with applicable principles of vicarious liability.  Except as expressly admitted herein, Realgy denies the remaining allegations in paragraph 51.

52.     Realgy denies the allegations in paragraph 52.

53.     Realgy denies the allegations in paragraph 53.

54.     Realgy denies the allegations in paragraph 54.

55.     Realgy denies the allegations in paragraph 55.

56.     Realgy denies the allegations in paragraph 56.

57.     Realgy denies the allegations in paragraph 57.

58.     Realgy denies the allegations in paragraph 58.

59.     Realgy denies the allegations in paragraph 59.

60.     Realgy denies the allegations in paragraph 60.

61.     Realgy denies the allegations in paragraph 61.

62.     Realgy denies the allegations in paragraph 62.

63.     Realgy admits only that the allegations in paragraph 63 refer to a Declaratory Ruling issued by the FCC, which speaks for itself.  Except as expressly admitted herein, Realgy denies the allegations in paragraph 63.

## CLASS ALLEGATIONS

64.     Realgy admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 64 and 65.  Realgy denies the remaining allegations in paragraph 64.

65.     Realgy admits that Plaintiff purports to have filed this action on behalf of herself and all others similarly situated as an alleged member of the class described in paragraphs 64 and 65.  Realgy denies the remaining allegations in paragraph 65.

66.     Realgy is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 66 and therefore denies them.

67.     Realgy denies the allegations in paragraph 67.

68.     Realgy denies the allegations in paragraph 68.

69.     Realgy denies the allegations in paragraph 69.

70.     Realgy denies the allegations in paragraph 70, including subparagraphs a through h under the "Robocall Cellular Telephone No Consent Class" heading and subparagraphs a through h under the "Robocall Residential Landline No Consent Class."

71.     Realgy denies the allegations in paragraph 71.

72.     Realgy denies the allegations in paragraph 72.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Cellular Telephone No Consent Class)**

73.     Realgy incorporates its responses to the preceding paragraphs as if fully set forth

herein.

74.     Realgy denies the allegations in paragraph 74.

75.     Realgy denies the allegations in paragraph 75.

76.     Realgy denies the allegations in paragraph 76.

77.     Realgy denies the allegations in paragraph 77.

78.     Realgy denies the allegations in paragraph 78.

79.     Realgy denies the allegations in paragraph 79.

80.     Realgy denies the allegations in paragraph 80.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Residential Landline No Consent Class)**

81.     Realgy incorporates its responses to the preceding paragraphs as if fully set forth

herein.

82.     Realgy denies the allegations in paragraph 82.

83.     Realgy denies the allegations in paragraph 83.

84.     Realgy denies the allegations in paragraph 84.

85.     Realgy denies the allegations in paragraph 85.

86.     Realgy denies the allegations in paragraph 86.

87.     Realgy denies the allegations in paragraph 87.

88.     Realgy denies the allegations in paragraph 88.

## PRAYER FOR RELIEF

Realgy denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including each and every allegation in the subparagraphs A through I, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## JURY DEMAND

Realgy denies that any of the allegations set forth in the Complaint allege triable issues against Realgy.

## GENERAL DENIAL

Realgy denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Realgy hereby asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Realgy does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Realgy.  For example, Plaintiff fails to show that any calls allegedly received were those for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement

to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over such claims, and rendering venue in this Court improper.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over Realgy and because venue is improper in this Court (including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, *San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff cannot assert claims under the TCPA against Realgy to the extent she or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No "Pre-recorded" or "Artificial" Voice)

The TCPA claim is barred to the extent a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play on the alleged calls.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Realgy did not engage in knowing or willful misconduct.  For example, Realgy does not knowingly or willfully employ or allow pre-recorded or artificial voice.

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Realgy did not proximately cause any damages, injury, or violation alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

## TENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Realgy because any harm allegedly caused by the alleged calls at issue are not fairly traceable to any violation allegedly committed by Realgy, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Realgy cannot be held vicarious liable.  Further, Realgy did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Realgy did not approve of that conduct.  As such, Realgy cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Realgy, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the TCPA render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiffs are excessive.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Realgy did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the alleged calls at issue in this lawsuit, as that term is used in the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Realgy from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Realgy is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Realgy has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and claims brought in the Complaint are barred because Realgy possessed a good faith belief that it was not committing any wrongdoing

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Realgy hereby gives notice that in the event that this Court certifies a class, which Realgy denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Realgy has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Realgy reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Realgy prays for judgment as follows:

1. That Plaintiff take nothing from Realgy by reason of this Complaint and that judgment be entered in favor of Realgy;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Realgy costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

DATED:        November 10, 2021.

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
GA Bar No. 266019
Joseph Scott Carr (0098247)
scarr@kcozlaw.com
rwatstein@kcozlaw.com
Matthew A. Keilson (*pro hac vice*)
GA Bar No. 216676
mkeilson@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300

*Counsel for Defendant Realgy, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2021, I filed the foregoing document using the

Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.


By:    */s/ Ryan D. Watstein*
               Ryan D. Watstein (*pro hac vice*)