UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Roberta Lindenbaum,** ) | CASE NO. 1:19 CV 2862 |
| *individually and on behalf of all* ) | |
| *others similarly situated*, ) | |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | |
| **Realgy, LLC,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

This matter is before the Court upon Realgy's LLC's Motion for Summary Judgment (Doc. 44). This case arises under the Telephone Consumer Protection Act ("TCPA"). For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, Roberta Lindenbaum, filed this class action lawsuit against defendant Realgy, LLC alleging that defendant or its agent placed two illegal robocalls to plaintiff.

According to plaintiff, on November 26, 2019, she received an unsolicited, pre-recorded

1

telephone call to her cellular telephone number. Her caller identification system indicated that the call was placed from 216-407-9803. Upon answering the call, plaintiff heard a recorded voice discussing her electric bill. The recording instructed plaintiff to press one in order to be connected to a live operator. Plaintiff pressed one, and spoke with a man. He asked plaintiff to obtain a copy of her electric bill, which she did. Plaintiff avers that he was very pushy and made her uncomfortable. The operator asked plaintiff for her customer number, address, other personal information, as well as the current price she paid for electricity. He then offered to switch plaintiff's electricity supplier in order to save her money. Plaintiff asked the operator "to identify the company from which he was calling." (Doc. 48-1 at par. 17). He indicated that he was calling from "Realgy." At the request of plaintiff, the operator spelled out the name of the company.

Plaintiff informed her son-in-law of the call. Her son-in-law thereafter filed this lawsuit on behalf of plaintiff and all others similarly situated.

After the filing of this lawsuit, plaintiff received a recorded call to her land line. This time the caller identification system showed that the call came from 216-612-0211. Plaintiff again pressed one and was transferred to a live operator, who made many of the same aforementioned requests for information. Plaintiff asked the operator to identify the company from which he was calling, and the operator identified Realgy.

Thereafter, plaintiff filed the First Amended Complaint asserting two claims for relief. Count one is a claim for violation of 47 U.S.C. § 227 for making a prohibited robocall to a cellular line. Count two alleges a violation of 47 U.S.C. § 227 for making a prohibited robocall to a residential land line.

2

Because of a genuine dispute as to whether defendant or its agent placed the two telephone calls at issue, the Court allowed the parties to brief the issue prior to addressing class certification. Defendant now moves for summary judgment, and plaintiff opposes the motion.

**STANDARD OF REVIEW**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs.,*

*Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**ANALYSIS**

The parties agree that in order to succeed on her claims, plaintiff must establish that defendant made a "prohibited call." *See*, *e.g.*, *Huffman v. Dish Network*, LLC, 2016 WL 3906816, *3 (W.D. Tenn. July 14, 2016)("Thus, to establish a claim pursuant to TCPA in the Sixth Circuit, a plaintiff must prove that the defendant made a prohibited phone call."). Here, defendant argues that it did not make any call–prohibited or otherwise–to plaintiff. Defendant further agues that it cannot be held vicariously liable for the actions of the unidentified caller. Each issue will be addressed in turn.

Defendant moves for summary judgment on the grounds that all of the admissible evidence demonstrates that it did not directly make the subject telephone calls. Plaintiff disputes this assertion. According to plaintiff, there is a genuine issue of material fact as to the identity of the caller. Plaintiff claims that defendant's own evidence is either inconclusive or inadmissible. She points to her own affidavit and argues that there are issues of credibility that the jury must decide.

Upon review, the Court agrees with defendant. Michael Vrtis, defendant's President, avers that defendant does not place marketing calls itself. Instead, it contracted with Yorisdidi Marketing ("YM") to run a telemarketing campaign on behalf of defendant. According to Vrtis, defendant does not have the capability to "send 'press one' recorded messages like those Plaintiff claims to have received." (Doc. 44-3 at par. 9). Vrtis further avers that defendant regularly keeps records of all outbound calls it makes and that "[defendant] has reviewed these records...and has no record of ever directly calling" either plaintiff's cellular number or her land line. (Id. at par. 8). Nor does defendant "use or display" on caller identification, the telephone numbers associated with the calls made to plaintiff. (Id. at par. 10).

In response, plaintiff challenges certain of the statements made by Vrtis. According to plaintiff, the Court should not consider these statements because defendant fails to satisfy certain foundational requirements. Plaintiff claims that Vrtis does not indicate whether he is familiar with defendant's record keeping practice or whether the records were kept in accordance with that practice. Plaintiff also argues that Vrtis does not indicate that he has personal knowledge of the search for records. Rather, he simply avers that "defendant" searched for records.

As an initial matter, plaintiff does not appear to challenge the admissibility of Vrtis's statements that defendant does not conduct any telemarketing itself, does not have the capability to make the calls described by plaintiff, and does not use the telephone numbers displayed on plaintiff's caller identification system. Accordingly, the Court will consider this evidence.

With regard to defendant's search for records, Vrtis avers as follows:

The information contained herein is based on my personal knowledge along with my review of the business records generated and maintained by [defendant] in the ordinary course of its regularly conducted business and made at or near the time by, or from information transmitted by, someone with knowledge. I routinely view, search, and

> interpret those records while performing my job duties. If called and sworn as a witness, I could and would competently testify to the matters discussed herein.

(Doc. 44-3 at par. 3).

In response to the arguments raised by the plaintiff, Vrtis submitted a second declaration in support of defendant's reply brief. That declaration adds the following:

> I, along with my office manager, conducted the search for records maintained in the prior paragraphs and reviewed the results for the same. Specifically, we reviewed the logs of calls, which are maintained in the ordinary course, to confirm that there was no record of calls to the [plaintiff's] numbers. And as stated in my Prior Declaration, I am personally familiar with [defendant's] record keeping practices, including because I am the President of Realgy.

(Doc. 53-1 at par. 6).

Plaintiff argues that certain elements must be satisfied before the Court can consider the averments. But those elements, as well as the cases relied on by plaintiff, involve the *admission* of business records as an exception to the hearsay rule. Here, defendant is not attempting to admit business records. Rather, defendant offers the testimony of Vrtis who searched for records, but found none.

Even if defendant must satisfy the requirements in Rule 803(6), the Court finds that considering the affidavits together, defendant meets its burden. Vrtis testified that he and his office manager searched the records and reviewed the results. Specifically, he indicates that they reviewed logs of calls that were maintained in the ordinary course, but found no record of calls made to plaintiff's telephone numbers, including on the days plaintiff alleges she received the subject calls.[1] The Court finds that this testimony is sufficient to establish that Vrtis has personal

---

[1] The Court rejects any argument that the Court should not consider the testimony because Vrtis does not indicate the time frame for the records search. Vrtis avers that no records were found on the

knowledge of the search for records and the results of that search.[2]

Plaintiff also points out that defendant did not attach the phone records to Vrtis's declaration. Without citing any rule or case law, plaintiff argues that defendant must present the Court with business records in order to obtain summary judgment in its favor. Absent a specific argument, it is nearly impossible to discern the basis for plaintiff's position. To the extent plaintiff could somehow be claiming that the "best evidence rule" set forth in Fed.R.Evid. 1002 applies, the argument is rejected. That rule requires that an "original" of a record is required to prove the contents thereof. The Advisory Committee Notes, however, provide that the rule does not apply to "testimony that books or records have been searched and found not to contain any reference to the designated matter." Here, defendant is introducing the testimony to show a *lack* of business record. Accordingly, although not argued by plaintiff, it does not appear that the "best evidence" rule applies. Because plaintiff provides the Court with no legal theory requiring defendant to introduce the telephone records, the Court will consider Vrtis's testimony on this

---

        days in question, thus the time frame for the search is not necessary on the facts of this case.

[2]    Pursuant to Fed.R.Evid. 803(7), evidence that a matter is not contained in a business record is admissible as an exception to the hearsay rule. The exception applies if the testimony is (1) admitted to prove that the matter did not occur, (2) the record was regularly kept for a matter of that kind, and (3) the opponent does not show that the possible source of the information indicates a lack of trustworthiness. Here, plaintiff makes no argument that the evidence is hearsay but, regardless, it appears that Vrtis's testimony would fall under this exception. Defendant is introducing the testimony to show that no entry exists in the phone records demonstrating that defendant made the calls at issue, and phone entries appear to be regularly kept in "call logs." Moreover, plaintiff does not show any *indicia* of a lack of trustworthiness.

point.

In response to defendant's evidence, plaintiff points to her own affidavit in which she describes the two marketing calls that she received. She avers that the operator informed plaintiff that he was "calling from [defendant]" and thereafter spelled out defendant's name. Plaintiff relies on this testimony in support of her argument that a genuine issue of material fact exists as to whether defendant placed these two calls.

Defendant argues that the Court cannot consider plaintiff's testimony because it is inadmissible hearsay. There is no evidence that the caller was employed by or even associated with defendant. Defendant claims that a rogue individual or competitor could have placed those calls.

In response, plaintiff argues that the statement is not hearsay because it can be used to show what actions plaintiff undertook in response to learning that defendant placed the call. According to plaintiff, the evidence shows why plaintiff googled defendant's name and filed an amended complaint. The Court rejects this argument. Here, plaintiff *is* introducing the evidence to establish that the call came from defendant. The actions plaintiff undertook after learning the information is not relevant to the issues before the Court. Accordingly, the Court finds that plaintiff is offering the statement for the truth of the matter asserted.

Plaintiff next argues that the statement is admissible as a present sense impression. This argument is rejected. This exception allows the admission of the present sense impression of the unavailable speaker as relayed to the declarant. Here, plaintiff confuses the doctrine by arguing that the actions *she* undertook in response to the statement amount to a present sense impression. The Court finds that the operator's statement to plaintiff is not a present sense impression.

Plaintiff also argues that the statement is admissible as an "independent verbal act" because the operator attempted to enter into an agreement with her. This argument is also rejected. As noted by plaintiff, the verbal acts doctrine applies where "legal consequences flow from the fact that words were said, *e.g.* the words of offer and acceptance which create a contract." *Preferred Properties v. Indian River Estates*, 276 F.3d 790, n.5 (6th Cir. 2002)(citations omitted). Here, defendant's identity does not create a legal consequence similar to an offer or acceptance. Plaintiff does not argue that a contract exists between the two parties, nor does plaintiff identify the terms of any purported offer. As such, the doctrine is inapplicable.

Plaintiff next argues that the statement should be admitted under Fed. R. Evid. 807, which is the residual hearsay exception.

Rule 807(a) provides as follows:

(a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Plaintiff cites to the scripts defendant provided to YM, outlining what defendant expected YM to say to callers. According to plaintiff, the telephone calls she received are not "dissimilar" to the contents of those scripts. Plaintiff also notes that she filed suit shortly after receiving the calls, her testimony has been consistent, and she took actions consistent with the calls. Plaintiff also notes that defendant does not provide documents supporting its argument. In response, defendant notes that the fact that the calls were not "dissimilar" to other calls is not a sufficient

9

guarantee of trustworthiness. Defendant also points out that plaintiff made no effort to determine who placed the call and, therefore, she cannot satisfy Rule 807(a)(2).

The Court agrees with defendant. During the calls, the operator asked defendant for personal information and information regarding her electric bill. As defendant notes, any energy provider, competitor, or scammer seeking financial information would ask for this material. Moreover, the Court reviewed the scripts and plaintiff's affidavit does not describe calls that follow the scripts, except in the most general sense. In addition, in pointing out facts regarding plaintiff's actions, she misapplies the law regarding the *indicia* of reliability. The test is whether the *operator's statement* is supported by evidence of reliability, not whether plaintiff is truthful in recounting that statement. As such, the Court finds that plaintiff does not satisfy the requirements of Rule 807(a)(1). Plaintiff makes no argument with regard to Rule 807(a)(2) and points to no efforts undertaken to learn the identity of the entity that placed the calls. Plaintiff does not dispute that she took no depositions in this case. Nor does she dispute that she did not issue subpoenas to any third parties on the issue of identity. In short, plaintiff undertook no efforts–reasonable or otherwise–to locate evidence more probative than the operator's statement. Accordingly, plaintiff's testimony is not admissible under Rule 807.

In its motion, defendant argues that the statement is not admissible because Fed. R. Evid. 801(d)(2) does not apply. Rule 801(d)(2) provides that statements of party opponents are not hearsay. Plaintiff does not respond to this issue. As such, it is unopposed. For this reason alone, the Court finds that Rule 801(d)(2) does not apply.

Out of an abundance of caution, however, the Court will also address the merits of this argument as it appears to the Court to be the most likely applicable rule. Rule 801(d)(2)

provides as follows:

> Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> (2) the statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity;
>
> (B) is one the party manifested that it adopted or believed to be true;
>
> (C) was made by a person whom the party authorized to make a statement on the subject;
>
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Defendant argues that plaintiff fails to come forward with any evidence sufficient to lay a proper foundation for the evidence to be admitted as non-hearsay.     The party arguing for admission under Ruled 801 bears the burden of establishing the proper foundation for the admissibility of the statements. *Liadis v. Sears, Roebuck & Co.*, 47 Fed. Apex. 295, 302-03 (6th Cir. 2002) (*citing Mitroff v. Xomox Corp.*, 797 F.2d 271, 275 (6th Cir.1986)). Here, plaintiff laid no foundation to show that the anonymous operator was authorized to speak on defendant's behalf or was an agent or employee of defendant. Because plaintiff did not lay a proper foundation, the Court will not consider the statement to be non-hearsay. *See*, *Id*. ("We do not know the position of the anonymous Sears employees referred to in the affidavit. Liadis does not say who these employees are, or why we should consider them agents authorized to speak for Sears in this litigation.").

Plaintiff also appears to confuse the burden at the summary judgment stage. Defendant correctly notes that it need not disprove plaintiff's claims in order to succeed on its motion.

11

> ...[A] party moving for summary judgment may satisfy its burden to show that there are no genuine issues of material fact simply by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. The fact that the evidence may be in the control of the defendant does not change the plaintiff's burden to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery.

*Minadeo v. ICI Paints*, 398 F.3d 751 (6th Cit. 2005).

Here, defendant comes forward with evidence on an essential element of plaintiff's claim, *i.e.*, defendant made a prohibited call. Defendant points out that: its phone system is not capable of placing the calls described by defendant; it does not directly engage in marketing calls; it does not utilize the phone numbers that displayed on plaintiff's caller identification system; and its phone records show no telephone calls to the two telephone numbers at issue.[3] Plaintiff offers no admissible evidence in response.[4] Plaintiff, therefore, fails to come forward with evidence from which a jury could reasonably conclude that defendant itself made the telephone calls at issue, and defendant is entitled to summary judgment.

The Court now turns to the issue of agency. Defendant devotes a considerable portion of its brief to the issue of agency. Defendant acknowledges that it entered in an agreement with

---

[3] Plaintiff argues extensively regarding the document search. Even if the Court did not consider the "lack of documents," defendant still presented evidence that it did not place the calls at issue. Plaintiff also argues that the agreement between defendant and YM does not require a finding that defendant did not make the calls at issue. Again, plaintiff appears to confuse the burden. Plaintiff, who has the burden at trial, has not come forward with *any* admissible evidence showing that defendant made the calls.

[4] Although not determinative, the Court simply notes that it appears that plaintiff undertook no effort during discovery to identify the operator.

YM pursuant to which YM agreed to provide marketing services for defendant. It further appears that YM engaged three other entities to perform certain marketing services. Although defendant provides an affidavit from YM, in which YM avers that it did not place the telephone calls at issue, defendant asks that the Court assume for the purposes of the analysis that YM, in fact, placed the calls. In response, plaintiff attacks the affidavit from YM. Plaintiff also makes a number of arguments relating to the marketing agreement and its contents.

As set forth above, there is no admissible evidence as to who made the telephone calls, and plaintiff comes forward with no evidence suggesting that an individual at YM placed the calls.[5] This is especially so in light of the fact that plaintiff notes YM used three other agents. The Court will not assume that YM made the call at issue because that is tantamount to issuing an advisory opinion on the issue of YM's agency relationship with defendant. Because plaintiff failed to produce any admissible evidence as to whether the operator worked for YM or any one of its agents, there is no evidence that an agent of defendant made a prohibited call.

**CONCLUSION**

For the foregoing reasons, Realgy's LLC's Motion for Summary Judgment (Doc. 44) is GRANTED.

IT IS SO ORDERED.

---

[5] Yorjan Diaz, the CEO of YM, avers that "YM...did not place...pre-recorded voice calls of any kind." Although plaintiff challenges much of the affidavit, she does not challenge this particular statement.

13

                                                /s/ Patricia A. Gaughan  
                                                PATRICIA A. GAUGHAN  
Dated: 6/7/22                        United States District Judge